**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POCONO MOUNTAIN SCHOOL DISTRICT, | |
| Plaintiff, | NO. 3:16 CV-00381 |
| v. | (JUDGE CAPUTO) |
| J.W., by and through his Parents J.W. and S.W. and J.W. and S.W. in their own right, | |
| Defendants. | |

**MEMORANDUM**

Presently before me is a Motion to Supplement the Administrative Record (Doc. 13) filed by Plaintiff Pocono Mountain School District ("School District"; "District"). The School District commenced this action by filing a Complaint on March 2, 2016, which is in the nature of an appeal under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. §§ 1401-1482, from a final administrative decision dated December 14, 2015 ("Hearing Officer Decision"). (Compl. (Doc. 1)), seeking the reversal of the Hearing Officer's Decision. (Compl. ¶ 18). Defendants J.W. ("Student") and his Parents J.W. and S.W. ("Parents") filed a response to the Complaint on April 18, 2016, requesting that I affirm the Hearing Officer's Decision in full and award them prevailing party fees under the IDEA. (Doc. 8). The parties also submitted the administrative record created before the Hearing Officer. (Docs. 5-7). The School District now requests permission to supplement the administrative record with a deposition of Dr. Patricia Peek. For the foregoing reasons, the motion will be denied.

**I. Legal Standard**

The IDEA seeks "to ensure that all children with disabilities have available to them a

free appropriate public education ("FAPE") that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). In furtherance of this goal, the IDEA requires that state and local agencies establish certain procedural safeguards in connection with the provision of FAPE. *Id.* § 1415(a). Parents also have a right to an impartial due process hearing conducted by a state or local agency. *Id.* § 1415(f)(1)(A). After exhausting state remedies, a party who is aggrieved by the result of the state due process hearing may bring suit in federal district court for violation of the IDEA. *Id.* § 1415(i)(2)(A). A district court possesses jurisdiction to hear such actions regardless of the amount in controversy. *Id.*

The IDEA provides that a district court "shall hear additional evidence at the request of a party." *Id.* § 1415(i)(2)(C)(ii); accord 34 C.F.R. § 300.516(c)(2). "Additional evidence" does not refer to all evidence, but rather to evidence that properly supplements the administrative record. See *Susan N.*, 70 F.3d at 759 (citing *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir.1984). A district court must evaluate a party's proposed evidence and determine whether it is relevant, noncumulative, and useful with respect to "whether Congress's goal has been reached for the child involved." *Id.* at 759–60. Evidence may be excluded when it would merely "embellish" testimony provided at the administrative hearing. *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir.1994).

Whether additional evidence should be admitted is left to the discretion of the district court. *Susan N.*, 70 F.3d at 760. When exercising this discretion, the court should be mindful of the IDEA's "general framework of deference to state decision-makers." *Antoine M. v.*

2

*Chester Upland Sch. Dist.*, 420 F.Supp.2d 396, 402 (E.D. Pa.2006) (quoting *Susan N.*, 70 F.3d at 758). Indeed, automatic admission of new evidence "would vitiate congressional intent that courts defer to the educational expertise of the agency." *Lebron v. N. Penn Sch. Dist.*, 769 F.Supp.2d 788, 795 n. 7 (E.D. Pa.2011).

Before admitting additional evidence, "a court must determine whether the party introducing the additional evidence has presented a sufficient justification for not proffering the evidence at the administrative hearing." *Antoine M.*, 420 F.Supp.2d at 403 (citing *Susan N.*, 70 F.3d at 760). Factors that a court may consider in deciding whether to admit additional evidence include (1) whether a procedural bar prevented the introduction of the evidence at the administrative hearing; (2) whether the party seeking admission of the evidence deliberately withheld it at the hearing; (3) whether the introduction of the additional evidence would be prejudicial to the opposing party; and (4) the potential impact of the admission of the evidence on the administration of justice. *Id.*

## II. Discussion

On July 14, 2015, Student, through Parents and with the assistance of counsel, commenced an administrative due process hearing against the School District under the IDEA, 20 U.S.C. § 1415(f). Parents and Student alleged that the District failed to provide Student with free and appropriate public education ("FAPE") during the 2013-14 and 2014-15 school years, and sought as a remedy compensatory education. The Office for Dispute Resolution, Pennsylvania's designated special education due process hearing office, assigned the case to a Hearing Officer.

Following two hearings in late 2015, on December 14, 2015, the Hearing Officer

issued a written Decision and Order. The Officer found that the School District denied Student FAPE during the 2013-14 and 2014-15 school years, and awarded as a remedy six (6) hours of compensatory education per school day from the first day of school in the 2013-14 school year until and including February 28, 2015, and two (2) hours of compensatory education per school day from March 1, 2015, until the last day of the 2014-2015 school year. The Hearing Officer found that the School District "failed to identify Student with a specific learning disability in reading, writing, and mathematics, despite it's knowledge of Student's severely below-grade academic performance in previous testing." (Doc. 1-2, at 13). The Officer also found that the School District "failed to provide the intensity of supports that would have been reasonably calculated to address these needs appropriately" and "failed to address appropriately Student's serious organizational and behavioral struggles during this time, despite its longstanding knowledge of Student's needs in these areas." *Id.*

In reaching this conclusion, the Hearing Officer relied on the School District's own evaluation reports of Student, which the Officer found to be deficient. Specifically, "the District's 2011 reevaluation provided no cognitive or achievement testing; it was a functional behavioral analysis only." (*Id.* at 14). Additionally, according to the Hearing Officer,

> [the] District's March 2014 reevaluation report provided no cognitive scores, and its achievement testing, conducted by the special education teacher, was inconsistent with significant criterion-based measures and benchmarks and Parent's reports of homework struggles. Yet the District's re-evaluation report did not attempt to reconcile these inconsistent results by more specific testing, nor did it explain these inconsistencies.

*Id.*

In the instant motion, the School District ask permission to supplement the administrative record because, according to them, "[w]hile the 2011 Re-Evaluation Report

itself was presented into evidence, there was no allegation in the Due Process Complaint that it was inappropriate and there was no evidence presented during the course of the Due Process Hearing regarding said Re-Evaluation Report or the process used to conduct the same." (Doc. 14, at 2). Similarly, the School District argues that "there was . . . no suggestion in the Hearing that the [2014 Re-Evaluation Report] was inappropriate and the Hearing Officer's critique of the same was not addressed by any witness as it was not even raised at Hearing." (Doc. 14, at 2). In other words, the School District argues that the Officer's findings as to the reports were not based upon the testimony of any witness, and that the District lacked notice that the appropriateness of the reports would be called into question at the Hearing. (Doc. 14, at 2, 4). Thus, the School District would like to supplement the record with such testimony.

Defendants argue that the School District's claim that the Hearing Officer's disposition of the case was based solely on the allegedly deficient evaluation reports is flawed.

> The reports were faulted for being deficient. However, the Hearing Officer's reasons for that conclusion are contained in a detailed analysis of all of the evidence in the record. The evidence was substantial that the Student had significant academic and organizational deficits that the [School District] failed to address either with services or with further assessment.
> ...
> The evidence presented by the Defendants' clearly established the [School District's] failures with regard to the provision of a FAPE to Student. This evidence was contained in special education documents, parent testimony and teacher testimony.

(Doc. 15, at 5). Defendants also argue that the School District could have presented additional testimony during the Hearing because "[t]he very issue of the [District's] failure to identify Student with a Specific Learning Disability until the May 2015 Reevaluation Report was raised in the Defendants' due process hearing complaint." I agree.

5

The proposed supplemental record would include testimony by Dr. Patricia Peek addressing the Hearing Officer's criticisms of the 2011 and 2014 Re-Evaluation Reports. Such testimony, however, would constitute nothing more than "only a commentary, prepared with the benefit of hindsight, regarding the evidence and testimony already presented to the state agency." *D.K. v. Abington Sch. Dist*., 696 F.3d 233, 253 (3d Cir. 2012).

Secondly, although the 2011 and 2014 Re-evaluation Reports informed the Officer's decision, they were not its focus, nor do they appear dispositive of the issue of whether or not Student received, and the school offered, FAPE. Rather, as Defendants point out, the decision was based on a holistic review of the entirety of the record. Moreover, as the hearing transcripts indicate, the Reports were mentioned frequently throughout the proceedings (*See, e.g.*, Doc. 5-6, at 5, 6, 7, 29, 28) and nothing barred the School District from introducing a witness to buttress its claims regarding the Reports. In fact, the witness the School District is now seeking to depose *did* testify at the hearing before the Officer; at the time, there were no limitations to the scope of Dr. Peek's testimony and no reason for the School District's failure at the hearing to present the specific testimony it now seeks to offer.

Despite being aware of Defendants' claim that the School District failed to adequately address Student's academic needs, the District chose not to present any testimony indicating their reasons for not providing a comprehensive assessment of Student prior to May 2015. Defendants due process complaint encompassed any and all of the School District's efforts, or lack of thereof, to provide Student with FAPE. The School District was therefore on notice that those efforts could be challenged and questioned. As such, I will follow the guidance of other courts which curb parties' inclinations in the IDEA actions to redo the administrative

hearing. *See e.g., D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 253 (3d Cir. 2012).; *J.N. v. S. W. Sch. Dist.*, 55 F. Supp. 3d 589, 597 (M.D. Pa. 2014).

Accordingly, the School District's motion will be denied.

### III. Conclusion

For the foregoing reasons, I will deny the School District's motion to supplement the administrative record (Doc. 13). An appropriate order follows.


November 14, 2016                                          /s/ A. Richard Caputo
Date                                                                 A. Richard Caputo
                                                                        United States District Judge